UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARCUS BARKER                                                                               Plaintiff

v.                                                                Civil Action No. 3:24-CV-00191-RGJ-CHJ

REVENUE SOLUTIONS, INC.                                                                Defendant

### MEMORANDUM OPINION & ORDER

In this Court's Order granting summary judgment to Revenue Solutions, Inc., ("RSI") the Court awarded Attorney's Fees to RSI pursuant to Fed. R. Civ. P. 37(b)(2)(C). *See Barker v. Revenue Solutions, Inc.*, 2025 WL 3102074 (W.D. Ky. Nov. 6, 2025). The Court instructed RSI to file a supplement containing descriptions of their work to support their award, and a bill of costs. *Id.* at *11-12. RSI complied. [DE 43; DE 44]. Barker's deadline to reply has passed. Accordingly, the Clerk of the Court has taxed the costs to Barker. [DE 45]. This matter is ripe. For the reasons below, RSI's Notice of Affidavit of Fees [DE 44] is **GRANTED** and RSI's Bill of Costs [DE 43] is **GRANTED.**

### I.   BACKGROUND

The Court incorporates the procedural and factual background set forth in its Order on Defendant's motion for summary judgment. [DE 41].

In this Court's Order granting summary judgment, the Court found that attorney's fees were appropriate pursuant to Fed. R. Civ. P. 37(b)(2)(C). *Barker,* 2025 WL 3102074 at *11. Rule 37 states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). After analyzing the four factors set out in *Freeland v. Amigo*, 103 F.3d 1271, 1277

1

(6th Cir. 1997) the Court held that an award of fees was justified based upon Barkers' actions and related inactions. *Barker,* 2025 WL 3102074 at *11. Thus, the Court ordered that Barker is "to pay to Defendant their reasonable costs and attorney fees expended in this motion, and all motions and corresponding work product related to the discovery deficiencies." *Barker,* 2025 WL 3102074 at *12. And to do so, "RSI must submit a supplement, such as an itemized billing statement with corresponding descriptions of work, and an affidavit, to support their award of attorneys' fees within 14 days of this order. The supplement must include why such fees and expenses, along with the hourly rates, are reasonable." *Id.* RSI complied and requests $37,003.00 in attorney's fees. [DE 44]. The Court also held that "RSI must submit a bill of costs to the Court, which Plaintiff will have 14 days to respond." *Barker*, 2025 WL 3102074 at *12. Again, RSI complied. [DE 43]. Barker did not respond to either the notice or the bill of costs.

## II. DISCUSSION

1. RSI's Notice of Fees [DE 44]

The general rule is that each party must pay its own attorney's fees and expenses. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). And as stated, this Court found that an award of attorney's fees was appropriate. In computing the amount of attorney's fees, the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

In determining a reasonable fee, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). "Courts have held that the lodestar method of calculating reasonable attorney's fees is

2

applicable to fees awarded under Rule 37." *Watkins & Son Pet Supplies v. Iams Co.,* 197 F. Supp. 2d 1030, 1032 (S.D. Ohio 200). In determining a reasonable rate, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011) (citing *B & G Min., Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).

To prove that the requested fees are reasonable, the requesting party must also provide "evidence supporting the hours worked and rates claimed." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433). In considering whether the time expended is reasonable, the Court should "exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley*, 461 U.S. at 434). A reduction in attorney fees "is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005).

A court may also consider the twelve *Johnson* factors in determining the lodestar fee or adjustments to it: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Reed v. Rhodes*, 179

F.3d 453, 471–72 n. 3 (6th Cir. 1999) (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

          *i.*    *Hourly Rate*

RSI's counsel submitted an affidavit with billing records. [DE 44-1 at 496]. RSI retained two attorneys and a paralegal. [*Id.*]. Counsel has been engaged in the legal practice for more than 15 and 7 years, respectively. [*Id.* at 497]. Their paralegal has worked in the legal field for more than 20 years. [*Id.*]. RSI seeks $37,003.00 in attorney's fees. [*Id.*]. This is based upon a calculation of 119.60 hours billed at separate rates. [*Id.* at 508]. Jay Inman, who has 15 years of experience, seeks a reasonable rate of $350.00/hour. [*Id.* at 496-97]. Amanda L. Combs, who has 7 years of experience, seeks a reasonable rate of $300.00/hour. [*Id.*]. Their paralegal, who has 20 years of experience, seeks a reasonable rate of $120.00/hour. [*Id.*]. The affidavit does not offer other rates or case comparators.

The Court must look to analogous cases for what may be a reasonable amount per hour. A recent trial court decision from within the Sixth Circuit, which had two attorneys, held that a rate of both $400 and $375 are reasonable for attorneys with 34 and 20 years of experience respectively. *Sisters for Life Inc. v. Louisville Jefferson Cnty Metro Gov't*, 2025 WL 2800004, at *6 (W.D. Ky. Sep. 30, 2025). Additionally, this Court has also held that a rate of $300 and $350 per hour as reasonable. *Ward v. Borders,* 2024 WL 4242059 at *5 (W.D. Ky. Sept. 19, 2024); *Brooksbank v. Koch*, 2019 WL 7407401, at *3 (W.D. Ky. Apr. 15, 2019). The Eastern District of Kentucky has routinely held that roughly $300 per hour is reasonable. *Sweeney v. Crigler*, 2020 WL 7028703, at *1 (E.D. Ky. Nov. 30, 2020) (adopting report and recommendation recommending attorneys receive $375 per hour to $350 per hour); *Ramsek v. Beshear,* 2022 WL 3591827, at *8 (E.D. Ky. Aug. 22, 2022) (holding that a rate of both $375 and $400 per hour are reasonable). But the Eastern

District has also found lower rates reasonable. *Wynn v. City of Covington*, 2025 WL 1746875, at *2 (E.D. Ky. June 24, 2025) (holding that a rate of $210 per hour for an attorney with 42 years as reasonable). Other recent cases, outside of Kentucky, but within the Sixth Circuit in neighboring markets, support a finding that roughly $350.00 or $300.00 per hour is reasonable. *Patrick Perry v. Hardeman Cnty. Gov't.*, 2025 WL 2814568, at *11-12 (W.D. Tenn. Sep. 30, 2025) (holding that $350 per hour as reasonable); *Mandrell v. Comm. of Soc. Sec.*, 2025 WL 2524233, at *3 (M.D. Tenn. Sep. 2, 2025) (holding that $328.59 per hour as reasonable); *Yeremian v. MGM Grand Casino*, 2025 WL 1749974, *6-*9 (E.D. Mich. June 25, 2025) (holding that rates of $500, $300, and $400 per hour as all reasonable).

Additionally, it is well established that paralegal fees are recoverable as attorney's fees. *See Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 590 (2008). Reasonable paralegal fees are also determined by the local market. *See Hon. Order of Ky. Colonels, Inc. v. Ky. Colonels International*, 2025 WL 7545041, at *2 (W.D. Ky. Nov. 13, 2023). The Western District of Kentucky has held that a reasonable rate may range from $75/hour to $230/hour. *Joe Hand Promotions, Inc. v. Young,* 2010 WL 3341449, at *4 (W.D. Ky. Aug. 24, 2010) (holding $75 reasonable); *but see Hon. Order of Ky. Colonels, Inc.,* 2023 WL 7545041, at *3 (holding $230 reasonable for a paralegal of 34 years). Rates may vary between these two extremes. *Basham v. Prudential Ins. Co. of Am.,* 2014 WL 7076363, at *5 (W.D. Ky. Dec. 15, 2014) (holding a rate of $110/hour reasonable). In *Hon. Order of Ky. Colonels, Inc.,* the court held a rate of $230/hour reasonable based upon the paralegal's longevity of 34 years and specialization. 2023 WL 754041, at *3. Here, RSI's paralegal retains over 20 years of legal experience. [DE 44-1 at 497]. And the requested rate is only half of that in which the Western District of Kentucky approved in *Hon. Order of Ky. Colonels, Inc*. Thus, based upon the wide range of the market, the rate squarely within

5

the middle of the reasonable range, and the long tenured experience of the paralegal, the Court finds RSI's paralegal rate of $120/hour reasonable.

Thus, having considered the record and *Johnson* factors, including awards in analogous cases with similar fee requests, and considering what rates are reasonable and proper for attorneys in this geographic area possessing similar skills and experience, the Court finds that hourly rates of $350.00, $300.00, and $120.00 are reasonable.

*ii.   Reduction*

Although finding that the requested rate is reasonable, the Court must reduce the amount awarded. "Under Rule 37(b)(2)(C), a court must award only those fees reasonably caused by the failure to follow a court order and *may not include other fees not specifically related to such order disobedience*." *United States ex rel. McIntosh v. Arrow-Med Ambulance, Inc.* 2017 WL 11695749, at *3 (E.D. Ky. Feb. 28, 2017) (emphasis added); *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289 (3d ed.) ("[t]he expenses that may be recovered under [37(b)(2)] are those caused by the failure to obey an order and therefore do not include the expense of obtaining the order itself") (internal quotations omitted). Thus, the Court will not award any fees that are not "reasonably caused by the failure to follow a court order." *United States ex rel. McIntosh,* 2017 WL 11695749, at *3. And because the Sixth Circuit "has recognized the propriety of an across the board reduction" as opposed to line-by-line reductions, the Court need not examine every line by line item. *Auto All. Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (citing *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) *abrogated on other grounds by Northeast Ohio Coal. v. Husted*, 831 F.3d 686 (6th Cir. 2016)). Based upon the provided affidavit, the Court holds that all fees beginning with the drafting of the motion for summary judgment must be excluded. That is because those fees involve the "expense of obtaining

the order itself" which are excluded under Rule 37(b)(2). *United States ex rel. McIntosh,* 2017 WL 11695749, at *3 (reducing the awarded fee by over 6 hours for conduct that did "not specifically relate[] to such order [of] disobedience"); *New London Tobacco Market, Inc. v. Ky. Fuel Corp.*, 2023 WL 5610193, at *7 (E.D. Ky. Aug. 30, 2023) (stating that a "moving party cannot use Rule 37(b)(2)(C) to recover expenses" in obtaining the order); *Lotus Indus., LLC v. Archer*, 2019 WL 4126558 (E.D. Mich. Aug. 30, 2019) (reducing an award of fees under Rule 37(b)(2)(C) by 50%); *see also* Wright & Miller, *Federal Practice and Procedure* § 2289 (3d ed.). Thus, all fees expended in the drafting of the motion for summary judgment, and any fees incurred after that, will be removed from the award. [*See* DE 44-1 at 504 (drafting of motion for summary judgement begins)]. Thus, the Court will reduce RSI's award from $37,003.00 to $18,569.00.

2. RSI's Bill of Costs [DE 43]

RSI also seeks an award of costs of $3,051.98 for the deposition transcripts ($2,646.98) and fees of the Clerk ($405.00). [DE 43]. "Recoverable costs are limited to those specified by 28 U.S.C. § 1920." *Sisters for Life Inc.,* 2025 WL 2800004, at *9 (citing to *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007)).

"Section 1920 allows recovery of '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case'; '[f]ees of the clerk,' such as filing fees; and 'costs of making copies of any materials where the copies are necessarily obtained for use in the case.' 28 U.S.C. § 1920." *Id*. at *10. "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed." *Ashland Hosp. Corp. v. RLI Ins.,* No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *2 (E.D. Ky. Aug. 26, 2015) (quoting *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989)). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id*. at 119. Here, the deposition of Barker

7

was "certainly reasonable and necessary at the time it was taken in anticipation of trial." *Ashland*, 2015 WL 5063184, at *2. As a result, the costs of the deposition will be permitted.

Costs for service are permitted when "they are initially paid to one of two specified officers of the court: the clerk or the marshal." *Phoenix Versailles Indus. Invs. LLC v. Bourbon Pallet Dreams, LLC*, No. CV 5:23-196-DCR, 2024 WL 476861, at *3 (E.D. Ky. Feb. 7, 2024). RSI has provided copies to the Court providing evidence that payment was made to the clerk. Thus, payment will be awarded. RSI also provided evidence of the filing fee. Moreover, Barker did not object to any aspect of the Bill of Costs.

Accordingly, the Court concludes that RSI is entitled to recover $3,051.98 in costs.

### III.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)   RSI's Notice of Attorney's Fees [DE 44] is **GRANTED**.

(2)   RSI's Bill of Costs [DE 43] is **GRANTED**.

(3)   Barker is ordered to pay RSI's attorney's fees in the amount of $18,569.00 and costs in the amount of $3,051.98.  Barker shall pay those attorney's fees and costs **within 30 days of the entry of this order.**

Rebecca Grady Jennings, District Judge
United States District Court

January 5, 2026